Argued and submitted March 26, reversed and remanded June 10, 2009

## STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

## REYNALDO CHAVEZ,
*Defendant-Respondent.*

Klamath County Circuit Court
0500422CR; A134240

210 P3d 259

Susan G. Howe, Senior Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Robin A. Jones, Deputy Public Defender, argued the cause for respondent. With her on the brief was Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Before Edmonds, Presiding Judge, and Brewer, Chief Judge, and Sercombe, Judge.

BREWER, C. J.

**BREWER, C. J.**

The state appeals the trial court's order excluding uncharged misconduct evidence in this multiple count prosecution for, among other offenses, possession, delivery, and manufacture of a controlled substance, namely, methamphetamine. The state asserts that the trial court erred in excluding the evidence under OEC 403 on the ground that its probative value was substantially outweighed by its unfairly prejudicial effect. Because we conclude, based on OEC 404(4),[1] that the trial court erred in applying OEC 403 to exclude the evidence, we reverse and remand.

The indictment in this case alleged that defendant committed each of the charged drug offenses in February 2005. The state's theory was that defendant possessed, manufactured, and sold methamphetamine that police officers found hidden within hay bales on the ranch where defendant lived and worked. Defendant denied that he knew about the existence of the methamphetamine. In a pretrial hearing, the state offered evidence from a former associate of defendant, who testified that in 2002 and 2003 he aided and abetted defendant in selling methamphetamine. According to the witness, during that period, defendant stored methamphetamine inside hay bales in a barn where defendant both worked and resided. The state asserted that the evidence was relevant in this case to show that defendant had a habit of hiding drugs in the manner asserted,[2] that he intended to commit the charged offenses, and that he had knowledge of the existence of the methamphetamine. The trial court concluded that the evidence was relevant to show defendant's intent, but the court excluded the evidence on the ground that, because it pertained to conduct committed 18 to 24 months before the commission of the charged offenses, the evidence was so stale that its potential for unfair prejudice substantially outweighed its probative value. The state appeals from the ensuing suppression order.

---

[1] OEC 404(4) provides that, "[i]n criminal actions, evidence of other crimes, wrongs or acts by the defendant is admissible if relevant except as otherwise provided by" the state or federal constitutions, or by statutes that do not apply in this case.

[2] On appeal, the state does not assert that the evidence was relevant to show habit.

In a single assignment of error, the state asserts that the trial court erred in excluding the proffered evidence because, under OEC 404(4), the court was not permitted to perform the balancing test prescribed by OEC 403 to exclude relevant evidence. Before considering that argument, we must first address defendant's riposte that the state failed to preserve the argument before the trial court and that the state invited the error, if any, in excluding the evidence. Defendant argues that any error was invited, because, in a colloquy with the court in the pretrial hearing, the prosecutor initially asserted that the evidence was admissible because it satisfied the six-part test for admission of intent evidence under *State v. Johns*, 301 Or 535, 725 P2d 312 (1986), including the requirement that the probative value of the evidence not be substantially outweighed by its potentially unfair prejudicial effect. *Id.* at 556. Defendant asserts that, in any event, the claim of error was not preserved because the state did not argue that OEC 404(4) precluded the application of OEC 403 to exclude the evidence.

Defendant is correct that, in its initial argument to the trial court, the state contended that the evidence was admissible, in part, because it satisfied the balancing test prescribed by OEC 403. After the parties concluded their initial arguments, the trial court ruled that the evidence was not admissible as habit evidence and, further, the court ruled that, although the evidence was otherwise relevant to prove defendant's intent to commit the charged offenses, it failed muster under OEC 403. However, the court stated that its ruling was provisional based on the record before it in the pretrial hearing.

After the court made its initial ruling, the prosecutor sought a recess. After the recess, the prosecutor asked the court to "reconsider [its] ruling regarding the 403 issue" based on this court's decision in *State v. Cavaner*, 206 Or App 131, 135 P3d 402, *rev den*, 341 Or 197 (2006).[3] After a further colloquy with the court, the prosecutor said:

---

[3] In *Cavaner*, we held that OEC 404(4) does not permit balancing under OEC 403, except as required by the state or federal constitutions. 206 Or App at 135.

"And again I would ask the court to reconsider [its] ruling under [OEC 404(4)], talking about the criminal actions, evidence of other crimes, wrongs or acts by the Defendant is admissible if relevant except as otherwise provided by those subsections which includes constitutional subsections and I do note there is also reference to [OEC 403]."

Defendant's attorney then argued that, despite this court's decision in *Cavaner*, admission of the proffered evidence would violate defendant's due process rights. After hearing the parties' additional arguments, the trial court adhered to its initial ruling excluding the evidence.

 Based on the foregoing procedural history, we reject defendant's arguments that the state failed to preserve its current claim of error and that it invited the asserted error. Pretrial rulings that exclude evidence are usually subject to reconsideration before or during the trial. Here, during the pretrial hearing, the prosecutor asked the trial court to reconsider its decision based on *Cavaner* and OEC 404(4), and it is readily apparent that both the trial court and defendant's attorney had an opportunity to consider and address the state's argument before the trial court adhered to its initial ruling and the state sought to appeal that ruling. Under those circumstances, the state neither invited the asserted error nor failed to preserve it. *See State v. Bowen*, 340 Or 487, 521, 135 P3d 272 (2006) (holding that the defendant failed to preserve for review a claimed error regarding a trial court ruling excluding evidence where the defendant declined an opportunity to seek reconsideration of that ruling); *Voth v. State of Oregon*, 190 Or App 154, 157-58, 78 P3d 565 (2003), *rev den*, 336 Or 377 (2004) (holding that a motion for reconsideration made before the trial court finally ruled was sufficient to preserve a claim of error on appeal); *cf. State v. Hammond*, 218 Or App 574, 584, 180 P3d 137 (2008) ("No Oregon appellate decision has ever held that unpreserved prejudgment error can somehow be transmuted into preserved error by virtue of the filing and denial of a post-judgment motion.").

We turn to the merits of the state's argument. We first consider whether the evidence was relevant to show defendant's intent to possess the methamphetamine at issue in this case. Under OEC 401, evidence is relevant if it has

"any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Under OEC 404(3), however, evidence of prior bad acts is inadmissible "when the evidence is offered solely to prove (1) the character of a person, and (2) that the person acted in conformity therewith." *Johns*, 301 Or at 548. OEC 404(3) allows admission of prior bad acts evidence "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." The rule is one of inclusion and, as such, allows "resort to any theory of logical relevance when ruling on 'prior crime' evidence that does not run afoul of the 'propensity to commit crimes or other acts' prohibition." *Johns*, 301 Or at 548.

In this case, defendant does not assert that the trial court erred in concluding that the proffered evidence satisfied each of the first five prongs of the *Johns* test for admissibility to show defendant's intent to possess the subject methamphetamine for sale. That conclusion was correct, because (1) the present charged act requires proof of intent; (2) the prior act, possessing methamphetamine for sale, required proof of intent; (3) neither the present charged act nor the prior act involved a particular victim, so the third prong, that the same victim or the same class as the victim be involved, is not implicated; (4) the type of prior act is virtually identical to the act involved in the charged crime; and (5) the physical elements of the prior act and the present act are similar. *See Johns*, 301 Or at 555-56. Accordingly, the evidence was relevant to show that defendant intended to possess for sale the methamphetamine that the police found in this case.[4]

---

[4] We need not address the state's alternative argument that the evidence was relevant to refute defendant's theory that he lacked knowledge of the existence of the methamphetamine in this case, because it showed that he had previously stored methamphetamine that he held for sale in a similar hiding place. *See State v. Allen*, 301 Or 569, 574, 725 P2d 331 (1986) (holding that the "doctrine of chances" is applicable to show intent or knowledge where the logical relevance of the proffered evidence rests on an objective improbability because the similarities of the two acts outweigh the dissimilarities, in contrast to a subjective probability based on the defendant's character). That argument coalesces with the state's argument that the evidence was relevant to show defendant's intent; defendant's knowledge of the presence of the methamphetamine in the hay bales was relevant only to

It follows that, unless the trial court was constitutionally required to weigh the probative value of the proffered evidence against its danger of unfair prejudice, OEC 403 was not a bar to its admission. OEC 404(4); *State v. Panduro*, 224 Or App 180, 192 n 7, 197 P3d 1111 (2008); *Cavaner*, 206 Or App at 135. On appeal, defendant renews his argument before the trial court that admission of the excluded evidence would deprive him of constitutionally guaranteed due process rights. However, we have previously held that OEC 403 does not require balancing in every case as a matter of constitutional law. *State v. Berg*, 223 Or App 387, 397, 196 P3d 547 (2008), *adh'd to as modified on recons*, 228 Or App 754, 208 P3d 1006 (2009). Defendant makes no further particularized argument in support of his contention that admitting the evidence without balancing in this particular case violates the Due Process Clause. Thus, we reject defendant's challenge to the constitutionality of OEC 404(4) as applied here and conclude that the trial court erred in excluding the proffered evidence.

Reversed and remanded.

---

support the inference that, as with respect to the previous acts, he intended to possess for sale the methamphetamine at issue in this case.