Argued and submitted July 28, affirmed November 9, 2011

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## KEVIN SHANNON JONES,
*Defendant-Appellant.*

Lane County Circuit Court
200907188; A142958

266 P3d 151

David O. Ferry, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Tiffany Keast, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.*

BREWER, C. J.

---

* Brewer, C. J., *vice* Sercombe, J.

414

## BREWER, C. J.

Defendant appeals from multiple convictions for crimes of domestic violence that he committed against his wife. Among other arguments, defendant asserts that the trial court erred in overruling his due process objection to evidence that defendant previously had committed acts of domestic violence against another woman. We affirm.

Defendant was convicted of seven counts of second-degree assault, three counts of coercion, seven counts of fourth-degree assault, one count of strangulation, and one count of menacing. For those crimes, defendant was sentenced to 670 months' imprisonment. Before trial, the prosecutor proffered testimony from defendant's former girlfriend that defendant previously had committed acts of domestic violence against her. The prosecutor asserted that evidence of those acts was admissible under *State v. Johns*, 301 Or 535, 725 P2d 312 (1986), to show defendant's intent and hostile motive." Defendant objected to the admission of that testimony, arguing, first, that it failed to meet the *Johns* test with regard to the third, fourth, and fifth prongs of the test.[1] Defendant also urged the trial court to apply the balancing test set out in OEC 403, notwithstanding OEC 404(4).[2]

---

[1] In *Johns* the Supreme Court articulated the following test for the admissibility of "prior crime evidence":

"(1)  Does the present charged act require proof of intent?

"(2)  Did the prior act require intent?

"(3)  Was the victim in the prior act the same victim or in the same class as the victim in the present case?

"(4)  Was the type of prior act the same or similar to the acts involved in the charged crime?

"(5)  Were the physical elements of the prior act and the present act similar?

"(6)  If these criteria are met, is the probative value of the prior act evidence substantially outweighed by the danger of unfair prejudice, confusion of issues or misleading the jury, undue delay or presentation of cumulative evidence?"

301 Or at 555-56.

[2] OEC 403 provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

OEC 404(4) provides:

"In criminal actions, evidence of other crimes, wrongs or acts by the defendant is admissible if relevant except as otherwise provided by:

Defendant recognized that prior decisions from this court were contrary to his position, but he argued that "due process" required the trial court to apply OEC 403. The trial court discussed this court's cases and then engaged defendant's counsel in the following colloquy:

"[Court]: And in each of those cases, * * * in all of those, there's a due process argument, constitutional due process argument, that is discussed and rejected by the court in those cases.

"[Defense Counsel]: And I—I'll adopt all of those arguments and urge them upon the court here today again and that's the Court of Appeals. And I think that his—his federal—this is—you know, this is kind of important to lawyers I think, this right to—this due process right and fundamental fairness right and I think it's a big deal. And I want to preserve his right. And I think the court should make—and I appreciate [the prosecutor's] suggestion to the court that it do—[3]

"* * * * *

"[Court]: Don't you think also when you read through the commentary packet on that 1997 legislative act, don't you think that that commentary, however, is focusing on the court then allowing evidence in for a character purpose instead of a non-character purpose? And if we're talking about one of these non-character purposes then that criticism within *Kirkpatrick* wouldn't apply; wouldn't you agree with that?

"[Defense Counsel]: Well * * * it depends on what you mean by character. And it seems to be describing also propensity, character as used in that includes what the statute seems to be talking about. It's you do something that—

---

"(a) ORS 40.180, 40.185, 40.190, 40.195, 40.200, 40.205, 40.210 and, to the extent required by the United States Constitution or the Oregon Constitution, ORS 40.160;

"(b) The rules of evidence relating to privilege and hearsay;

"(c) The Oregon Constitution; and

"(d) The United States Constitution."

[3] Defendant's counsel referred to the prosecutor's request that, OEC 404(4) notwithstanding, the trial court make findings on the record under the balancing test set out in OEC 403. The trial court did so, and it determined that the probative value of the proffered evidence outweighed any prejudicial effect that it might have.

"* * * * *

"Well, I saw what you saw. And I do think that his argument addresses, you know, the use of—I mean, character is relevant, or propensity is relevant to prove intent, maybe too relevant or too important. Sometimes prior acts are maybe too important and then violate a sense of fundamental fairness that's been in the law before even the constitution, the common law.

"And I adopt that. I agree with that anyway. And I don't think this evidence—I think what it is—it's extraordinarily prejudicial and I think it would inflame the jury and distract them from deciding the case for which he is on trial and is accused of doing.

"And if I were the state, I'd try like the dickens to get it in but I do not think that it is—I think letting it in makes sure that [defendant] does not get a fair trial in front of a jury. That's all I have."

The trial court admitted the challenged testimony, explaining that it met each of the six prongs of the *Johns* test for admissibility and that it was relevant to show defendant's intent and "hostile motive." The trial court also addressed defendant's argument that the court was constitutionally required to conduct the balancing test set out in OEC 403:

"[Court]: I do not find that any particular specific constitutional analysis has been urged upon me that would require me to do a [OEC] 404(3) balancing in this matter. [OEC 404(4)], clearly applies. The state of the case law is very clear. And there is no particularized due process argument that has been put forth that would cause the court to do the [OEC] 403 balancing that counsel urges."

Defendant was convicted by the jury; this appeal followed.

In two assignments of error on appeal, defendant makes three interrelated arguments.[4] First, defendant argues that evidence of his uncharged misconduct was inadmissible because his intent was not at issue in this case. According to defendant, because his theory at trial was that the victim was lying and the crimes never took place, "the

---

[4] Defendant raises a third assignment of error regarding nonunanimous jury verdicts, which we reject without further discussion. *See, e.g., State v. Cobb*, 224 Or App 594, 198 P3d 978 (2008), *rev den*, 346 Or 364 (2009).

*Johns* analysis * * * does not apply—whether defendant committed the charged acts *intentionally*, the question asked in *Johns*, was not at issue in the case." (Emphasis by defendant.) Second, defendant argues that the evidence failed the balancing test set out in OEC 403, as well as the "unfair prejudice" factor of the *Johns* test. Defendant argues that that factor required the trial court to

> "consider (1) the proponent's 'need' for the evidence; (2) 'how clearly the proponent has proven the defendant committed the uncharged act'; (3) the 'strength or weakness of the evidence'; (4) whether the evidence is 'too prejudicial or inflammatory'; and (5) 'how time consuming and distracting proof of the other crime evidence will be.'"

Defendant asserts that the state failed to show a need for the proffered evidence, that the evidence was "not strong evidence of intent," and that the evidence "was plainly inflammatory and likely to unfairly prejudice defendant." Finally, defendant argues that OEC 404(4) does not preclude the use of the "balancing test" set out in OEC 403, and that, if it does, OEC 404(4) violates his rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and his right to an "impartial jury" under Article I, section 11, of the Oregon Constitution.

We begin with the issue of preservation. As a general rule, claims of error that were not raised before the trial court will not be considered on appeal. *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000). In particular, the rule of preservation "gives a trial court the chance to consider and rule on a contention, thereby possibly avoiding an error altogether or correcting one already made, which in turn may obviate the need for an appeal." *Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008). The rule also ensures fairness to opposing parties by requiring that "the positions of the parties are presented clearly to the initial tribunal" so that "parties are not taken by surprise, misled, or denied opportunities to meet an argument." *Davis v. O'Brien*, 320 Or 729, 737, 891 P2d 1307 (1995).

With respect to his first argument on appeal, defendant did not assert before the trial court that the *Johns* test was inapplicable because his intent was not at issue; indeed,

defendant focused his argument on particular factors in the *Johns* test, and the trial court recognized that focus and specifically addressed it in its oral ruling. Accordingly, defendant's argument that *Johns* does not apply in this case because intent was not a "contested issue," is unpreserved. In addition, with respect to a portion of his third argument on appeal, the record is devoid of any mention by defendant—or anyone else—of the right to an "impartial jury" under Article I, section 11, of the Oregon Constitution. Consequently, that issue likewise is not preserved for our review.[5]

As to defendant's second argument, it is apparent from the colloquy excerpted above that the trial court understood defendant to argue that the evidence would fail OEC 403's balancing test because of its inflammatory nature. *See State v. Pratt*, 309 Or 205, 211, 785 P2d 350 (1990) ("Only if the trial judge is convinced that the answer to each of [the first five] questions is yes should the judge proceed to weigh the evidence under OEC 403, as reflected by the sixth question."). Nevertheless, defendant's argument in that regard is unavailing. OEC 404(4) bars trial courts from excluding evidence under OEC 403 "unless the court is constitutionally required to weigh the probative value of the proffered evidence against its danger of unfair prejudice." *State v. Chavez*, 229 Or App 1, 7, 210 P3d 259, *rev den*, 347 Or 365 (2009). Furthermore, as we recognized in *State v. Dunn*, 160 Or App 422, 430, 981 P2d 809 (1999), *rev den*, 332 Or 632 (2001), the enactment of OEC 404(4) in 1997 effectively removed that factor from the *Johns* analysis. Accordingly, we reject defendant's argument that the trial court erred in not excluding the proffered evidence under OEC 403.

Defendant also preserved the portion of his third argument that, because OEC 404(4) precludes use of the balancing test set out in OEC 403, admission of the challenged evidence violated his right to due process. Defendant told the trial court:

---

[5] *State v. Walker*, 350 Or 540, 550, 258 P3d 1228 (2011), is not to the contrary. There, the Supreme Court held that the failure to "differentiate between the proper analysis" of issues under the state and federal constitutions was not a bar to appellate review where the defendant had alerted the trial court to her arguments under both constitutions. Here, by contrast, defendant never placed before the trial court *any* argument under the Oregon Constitution.

"I'll adopt all of those arguments and urge them upon the court here today again and that's the Court of Appeals. And I think that his—his federal—this is—you know, this is kind of important to lawyers I think, this right to—this due process right and fundamental fairness right and I think it's a big deal. And I want to preserve his right."

The trial court understood defendant's argument and rejected it, explaining that "[OEC 404(4)], clearly applies. The state of the case law is very clear." In particular, the trial court relied on *Chavez*, where we explained:

"[W]e have previously held that OEC 403 does not require balancing in every case as a matter of constitutional law. *State v. Berg*, 223 Or App 387, 397, 196 P3d 547 (2008), *adh'd to as modified on recons*, 228 Or App 754, 208 P3d 1006 (2009). Defendant makes no further particularized argument in support of his contention that admitting the evidence without balancing in this particular case violates the Due Process Clause. Thus, we reject defendant's challenge to the constitutionality of OEC 404(4) as applied here and conclude that the trial court erred in excluding the proffered evidence."

*Chavez*, 229 Or App at 7.

The Supreme Court rejected the same categorical argument in *State v. Moore*, 349 Or 371, 387-92, 245 P3d 101 (2010), *cert den sub nom Coen v. Oregon*, 131 S Ct 2461 (2011). There, the defendant had argued that due process always requires OEC 403-type balancing and that, by precluding the use of such a test, OEC 404(4) was unconstitutional. Accordingly, defendant's categorical argument that OEC 404(4) violated his right to due process by preventing the trial court from engaging in OEC 403's balancing test is foreclosed by the Supreme Court's holding in *Moore*.

Beyond that categorical argument, defendant merely argued before the trial court that: (1) the proffered evidence failed to satisfy the third, fourth, and fifth factors of the *Johns* test for relevance to show his intent; (2) the proffered evidence was highly relevant to show his propensity to commit acts of domestic violence; and (3) the evidence was highly inflammatory. Importantly, defendant does not renew on appeal his argument that the evidence was not relevant

under the third, fourth, or fifth factors of the *Johns* test. Moreover, as discussed, defendant did not argue before the trial court that the evidence was not relevant to show his intent because his intent was not an issue in the case. Thus, in the absence of a *preserved* argument explaining why the challenged evidence was not relevant for a noncharacter purpose, defendant's argument before the trial court was insufficient to trigger any further obligation on the part of that court to address defendant's due process argument. The trial court recognized as much when it told defendant that "there is no particularized due process argument that has been put forth that would cause the court to do the 403 balancing that counsel urges."

It follows that the trial court did not err in admitting the challenged uncharged misconduct evidence.

Affirmed.