Submitted June 21, affirmed November 3, 2010, petition for review denied March 25, 2011 (350 Or 130)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## DAWNA W. BIGELOW,
aka Dawna Marie Bigelow,
*Defendant-Appellant.*

Multnomah County Circuit Court
080230733; A140304

242 P3d 719

Garrett A. Richardson and Multnomah Defenders, Inc., filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Michael R. Washington, Senior Assistant Attorney General, filed the brief for respondent.

Before Brewer, Chief Judge, and Edmonds, Senior Judge.

BREWER, C. J.

**BREWER, C. J.**

Defendant appeals her convictions for criminal mistreatment in the first degree, assault in the second degree, and assault in the third degree, involving the alleged physical abuse of an infant child in her care. Among defendant's three assignments of error, we write only to address her argument that the trial court erred in overruling defendant's objection to expert testimony that the child suffered an intentionally inflicted injury on the ground that the evidence was "speculative." Although defendant objected to the witness's testimony on that ground, we conclude that her arguments on appeal are materially different from the argument defendant made before the trial court and, therefore, are unpreserved. We reject defendant's remaining assignments of error without discussion. Accordingly, we affirm.

Defendant provided day care for a five-month-old infant, K. On January 15, 2008, K's mother left K in defendant's care while the mother went to work. The child suffered a facial burn injury that day while in defendant's care. The injury was serious enough to require the child to spend two nights in a hospital burn center. Defendant told several different stories about how the child was injured, including that the child had had a reaction to a lotion and that defendant had accidentally poured hot water over the child's head. After defendant was charged with the instant offenses, the case was tried to a jury.

After the child was brought into the courtroom for a jury view, the state called Dr. Leonhardt, a pediatrician and child abuse specialist at CARES Northwest and Legacy Emanuel Children's Hospital, to testify as an expert witness. Leonhardt testified that physical child abuse is a recognized and generally accepted medical diagnosis and that there is specialized peer reviewed literature in the field. Leonhardt testified that he had examined K when she was admitted to the Oregon Burn Center and noticed that she had a partial thickness burn over her face that was very well demarcated. He described the injury as a second-degree burn, in which the top of the skin is severely burned but the burn does not go all the way through the skin.

At that point in direct examination, the prosecutor asked Leonhardt whether he had made a diagnosis based on a reasonable medical probability. Leonhardt answered, "Yes." The prosecutor then asked him to give the diagnosis, and Leonhardt stated "[t]hat this is * * * an inflicted burn, as a result of physical child abuse." The prosecutor then asked Leonhardt to opine as to the cause of the burn. At that point, defendant's counsel objected that the question called for speculation, "regardless of his diagnosis." The trial court overruled the objection. Leonhardt then testified that the well-demarcated line of the burn indicated an immersion or submersion burn, a pattern seen when a body part has been submerged in hot liquid. Leonhardt testified that the child's injuries were not consistent with either an allergic reaction to lotion or a splash-type burn. Leonhardt's diagnosis was that the burn was the result of physical abuse inflicted by means of pushing the child's face into a container of hot water.

On cross-examination, Leonhardt acknowledged that he could not determine whether an injury was accidentally or intentionally inflicted from only looking at the injury; he stated that he is more likely to make a diagnosis of child abuse when the explanation for the injury does not make sense to him. In this case, Leonhardt testified that, if he had heard an explanation for an accidental injury that was consistent with the burn pattern, he would not have diagnosed physical child abuse.

As noted, on appeal defendant assigns error to the trial court's overruling of her objection to Leonhardt's testimony as to the cause of the child's injuries on the ground of speculation. However, defendant's arguments on appeal do not square with her objection before the trial court. On appeal, defendant asserts that (1) there was no foundational evidence that Leonhardt was qualified to render a scientific opinion about whether the child's injury was intentionally or knowingly inflicted, and (2) in any event, such a scientific opinion would constitute an improper comment on the credibility of defendant's statements about how the injury occurred.

Preservation depends, in part, on whether an objection is "specific enough to ensure that the court can identify

its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000). Another objective of the preservation rule is to ensure that adverse parties are not taken by surprise, misled, or denied the opportunity to present their positions on an issue raised by an adversary. *State v. Brown*, 310 Or 347, 356, 800 P2d 259 (1990). It is axiomatic that a generic objection to expert opinion testimony on the ground that the question calls for speculation is materially different from an objection to a witness's qualification to give an expert opinion or an objection that such an opinion would constitute an improper comment on a witness's credibility. If defendant had made either of the latter objections before the trial court, the state would have been given an opportunity to argue that Leonhardt's testimony regarding his knowledge, skill, and training as a pediatrician qualified him as an expert to give a medical opinion as to whether the injury was intentionally inflicted or, if the court deemed the existing foundation for such an opinion to be inadequate, the state would have had an opportunity to lay a better foundation with further preliminary questions. In short, the purposes of preservation have not been served in this case.

Defendant does not assert that the arguments she makes on appeal demonstrate errors of law that are reviewable as apparent on the face of the record. Accordingly, we do not address that issue.

Affirmed.