***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted December 23, 2022, affirmed February 1, 2023

In the Matter of N. I. B.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

N. I. B.,
*Appellant.*

Washington County Circuit Court
20JU05523;
A176673 (Control), A176674

Brandon M. Thompson, Judge.

Ginger Fitch and Youth, Rights & Justice filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Egan, Presiding Judge, and Kamins, Judge, and Hadlock, Judge pro tempore.

EGAN, P. J.

Affirmed.

**EGAN, P. J.**

Youth appeals a juvenile court judgment that committed him to the legal custody of the Oregon Youth Authority (OYA) with a recommendation for placement in a youth correctional facility. Youth admitted acts, that if committed by an adult, would constitute one count of first-degree sex abuse (ORS 163.427), two counts of second-degree sex abuse (ORS 163.425), and two counts of third-degree sex abuse (ORS 163.415). Youth raises one assignment of error, arguing that the trial court abused its discretion when it committed youth to OYA custody for placement in a youth correctional facility.

Youth brings various arguments in support of his assignment of error. First, youth argues that the state failed to rebut a presumption that placement with youth's parents, rather than OYA, was in youth's best interests. Second, youth argues that the best-interests requirement of ORS 419C.478 is a stand-alone predicate that must be established before consideration of other factors listed in ORS 419C.411. Lastly, youth argues that the court did not provide a "firm factual basis" for its conclusion that youth "could not be safely maintained in the community."

As all of youth's arguments on appeal concern the juvenile court's best-interests determination, the appropriate standard of review in this case is for abuse of discretion. *Sjomeling v. Lasser*, 251 Or App 172, 187, 285 P3d 1116, *rev den*, 353 Or 103 (2012). Therefore, we reverse the trial court's discretionary determination only if it is not a legally permissible one. *Id*.

First, we decline to address youth's argument that the best-interests requirement of ORS 419C.478 is a stand-alone predicate, as that argument is unpreserved, and youth has not requested plain error review. *Peeples v. Lampert*, 345 Or 209, 219-20, 191 P3d 637 (2008) (noting that "preservation fosters full development of the record, which aids the trial court in making a decision and the appellate court in reviewing it"); *State v. Ardizzone*, 270 Or App 666, 673, 349 P3d 597, *rev den*, 358 Or 145 (2015) ("[W]e ordinarily will

not proceed to the question of plain error unless an appellant has explicitly asked us to do so.").

As for youth's argument that the state failed to rebut a presumption that placement with youth's parents was in youth's best interests, we reject that contention. Youth's counsel does not provide analysis for the proposition that the text of ORS 419C.478, ORS 419C.411, or the juvenile delinquency case law, establishes an evidentiary burden on the state to demonstrate that parental placement is inadequate when considering a youth's best interests. Furthermore, the record in this case demonstrates that there were concerns regarding parental placement as there were instances of inadequate supervision while youth was on a conditional release plan.

Lastly, the record does establish a firm factual basis for the court's conclusion that placement in OYA custody was in youth's best interests as youth "cannot be maintained in the community." Under ORS 419C.411, the court was allowed to consider various factors, including "the immediate and future protection required by the victim, the victim's family and the community," as well as "[t]he adjudicated youth's juvenile court record and response to the requirements and conditions imposed by previous juvenile court orders." Furthermore, the court may consider "the gravity of the loss, damage or injury caused," and "[w]hether the manner in which the adjudicated youth engaged in the conduct was aggressive, violent, premediated or willful." *Id*. After consideration of multiple factors, the court found that youth was aware of his actions and posed a danger to the community based on youth's perception of the world in terms of power and control, as well as youth's actions in using his size and strength to overcome the victims, combined with concerns regarding adequate supervision, which led the court to conclude that youth must be committed to OYA custody for proper rehabilitation and treatment. The record clearly demonstrates that the trial court believed that commitment to OYA custody was in youth's best interests; notably, the court stated that it did not commit youth to "punish" him but rather in the hopes that youth will "complete treatment" and become a better

citizen who understands the effects of his actions upon others.

Youth has not demonstrated that the trial court's decision was legally impermissible and, as such, we conclude that the court did not abuse its discretion in committing youth to OYA custody for placement in a youth correctional facility.

Affirmed.