***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted March 17, conviction on Count 4 reversed, remanded for resentencing, otherwise affirmed May 17, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

COLIN THOMAS CARTER,
aka Colin Thomas Carter, Jr.,
*Defendant-Appellant.*

Jackson County Circuit Court
16CR61880; A176194

Lorenzo A. Mejia, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Joshua B. Crowther, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

JOYCE, J.

Conviction on Count 4 reversed; remanded for resentencing; otherwise affirmed.

**JOYCE, J.**

Defendant appeals from a judgment of conviction for two counts of first-degree rape (Counts 1 and 4) and one count each of first-degree sexual abuse (Count 2), first-degree sodomy (Count 3), and first-degree unlawful sexual penetration (Count 5). For the reasons that follow, we reverse Count 4 and otherwise affirm.

*Forcible compulsion.* Each of the crimes with which defendant was charged required proof that he used physical force to compel the victim to engage in the sexual conduct. Defendant moved for a judgment of acquittal, arguing that the state's evidence was insufficient on that element as to each count. The trial court denied that motion and defendant now challenges that denial in five assignments of error under a combined argument.

To prove that a defendant compelled a victim to have sexual contact by physical force, the state must prove (1) that the physical force caused the victim to submit to or engage in sexual conduct and (2) that the physical force was greater in degree or different in kind than the force inherent in the act of sexual conduct at issue. *State v. Marshall*, 350 Or 208, 227, 253 P3d 1017 (2011). Our task on review from the denial of a motion for judgment of acquittal is a familiar one: to decide whether, after viewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime—here, compulsion by physical force—beyond a reasonable doubt. *State v. Simmons*, 279 Or App 756, 758-59, 379 P3d 580, *rev den*, 360 Or 697 (2016).

We conclude that because the state provided evidence of forcible compulsion for Counts 1, 2, 3, and 5, the trial court correctly denied the motion for judgment of acquittal. The state provided testimony that defendant "grabbed [M] by the back of the hair, spun [her] around, *** [and] said, 'I fucking said bend over'" as he forced her to have sexual intercourse (Count 1). There is further evidence that he fought M over her shorts and "nudged" her into a chair in order to digitally penetrate her the first time (Count 2). There is evidence that defendant pried M's mouth open before orally sodomizing her, cutting her gums

(Count 3). Finally, there is evidence that defendant again fought M over her shorts in order to digitally penetrate her for a second time (Count 5). We thus agree that that evidence was sufficient to submit the question of forcible compulsion, as defined in *Marshall*, to the factfinder for Counts 1, 2, 3, and 5. Accordingly, the trial court did not err in denying the corresponding motions for judgment of acquittal.

       **Plain error.** Defendant also challenges one of his two first-degree rape convictions (Count 4). The state charged defendant with, among other things, two identical counts of first-degree rape, ORS 163.375(1)(a) both alleging the same theory. Pursuant to ORS 163.375(1), first-degree rape involves "sexual intercourse with another person." In this case, two counts of first-degree rape are listed in the indictment, in the court's oral verdict, and in the final judgment. However, from the time that the indictment was issued to the time that the trial court entered judgment, the parties and the court referred only to one instance of sexual intercourse. Specifically, neither defendant's nor the victim's testimony recounted more than one instance of sexual intercourse, and neither the prosecutor nor defense counsel referred to more than one instance of sexual inter-course. The only time during the trial that the second rape count was acknowledged was when defense counsel pro-vided argument for a judgment of acquittal on Counts 1, 2, 3, and 5 individually, as explained above, then added, "I'm sorry, I can't—I left out Count 4." and also asked for a judgment of acquittal on Count 4. Counsel made no further argument for acquittal on Count 4. In concluding its closing argument, the state asked the court to "find the Defendant guilty of rape, unlawful sexual penetration, sodomy, and sex abuse 1."

       In the absence of any evidence of a second rape, defendant now asks us to exercise our discretion to reverse one of the first-degree rape convictions, which we understand as a request for plain-error review.[1] *See Ailes v. Portland*

---

[1] Although defendant did not explicitly request plain-error review and instead asked for us to "exercise [our] discretion and reverse the judgment for count four," the state concedes that "[a]lthough [defendant's] request [for discre-tionary review] does not use the phrase 'plain error,'" his request for "discretion-ary review necessarily refers to review for plain error." *State v. Ardizzone*, 270

*Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991) (describing scope of plain error review); *State v. Reynolds*, 250 Or App 516, 521, 280 P3d 1046, *rev den*, 352 Or 666 (2012) (describing exercise of discretion).

We agree that—in the absence of *any* proof to support a second identical count of first-degree rape—it is plain that the conviction on that count was erroneous. That is so for a number of reasons, not least of which is the fact that entering a criminal conviction without sufficient proof—let alone without *any* proof— "is of constitutional magnitude" in that it violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *Reynolds*, 250 Or App at 522.

What remains is the question of whether we should exercise our discretion to correct that error. We elect to do so for the same reasons given in *Reynolds*, 250 Or App at 522-26. Here, as in that case, the gravity of the error is substantial and correcting the error does not "undermine the important policies behind the preservation rule, *i.e.*, 'procedural fairness to the parties and the trial court, judicial economy, and full development of the record.'" *Id.* at 523 (quoting *State v. Parkins*, 346 Or 333, 340, 211 P3d 262 (2009)). Furthermore, as in *Reynolds*, "we cannot fathom any reason why the state would have an interest in upholding the erroneous conviction," nor can we "conceive of [any] *plausible* tactical reason for defendant's failure to make [his] argument below." *Id.* at 524-25 (emphasis in original).[2]

Conviction on Count 4 reversed; remanded for resentencing; otherwise affirmed.

---

Or App 666, 673, 349 P3d 597, *rev den*, 358 Or 145 (2015) ("[W]e ordinarily will not proceed to the question of plain error unless an appellant has explicitly asked us to do so.").

[2] As previously noted, defendant did move for a judgment of acquittal on Count 4, but did not make any argument that the state had not presented *any* evidence as to that count. Defendant implicitly acknowledges that his duplication argument regarding Count 4 is unpreserved.