350 January 24, 2024 No. 44

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BABATU JAVON WHITE,
*Defendant-Appellant.*

Multnomah County Circuit Court
21CR32401, 21CR03465;
A179063 (Control), A179064

Jerry B. Hodson, Judge.

Submitted December 22, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sara F. Werboff, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

In this consolidated criminal case, defendant appeals a judgment of conviction for felony fourth-degree assault constituting domestic violence, ORS 163.160(3), and from a judgment revoking probation. Defendant raises a single assignment of error, arguing that the trial court erred in admitting evidence of defendant's conduct in the hours following the alleged assault, because that evidence was prejudicial and not relevant for a non-propensity purpose. The state counters that defendant did not preserve that issue for appeal. We agree with the state and affirm both judgments.

We will not consider a claim of error unless it was preserved in the trial court. ORAP 5.45(1). To preserve a claim of error, a party must explain his objection specifically enough "to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000).

We have reviewed the trial record and transcript: The evidence to which defendant objected in his pretrial motion *in limine—i.e.*, that defendant circled the *victim's mother's* block—was different from the evidence to which defendant did not object at trial—*i.e.*, that defendant circled the *victim's* block and also followed her. Thus, the trial court did not consider the same issue that defendant now raises on appeal: whether evidence that defendant circled the victim's block and also followed her after the alleged assault was admissible. Therefore, that issue was not preserved. Because defendant did not request plain error review in this case, we do not proceed to that inquiry. *State v. Ardizzone*, 270 Or App 666, 673, 349 P3d 597, *rev den*, 358 Or 145 (2015) (explaining that "we ordinarily will not proceed to the question of plain error unless an appellant has explicitly asked us to do so").

Affirmed.