No. 403 June 12, 2024 257

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PHILLIP DEE JACQUES,
aka Phil Dee Jacques, aka Phillip D. Jaques,
*Defendant-Appellant.*

Deschutes County Circuit Court
22CR02359; A180478

Michelle A. McIver, Judge.

Submitted May 14, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emma McDermott, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kyleigh Gray, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Defendant challenges his conviction for harassment, arguing that the state failed to present legally sufficient evidence that he subjected the victim to "offensive physical contact" when he slapped the victim's cellphone out of her hand. Because we conclude that defendant failed to preserve that argument, we affirm.

To prove harassment as charged, the state had to prove that defendant intentionally "harasse[d] or annoy[ed] another person by" "[s]ubjecting such other person to offensive physical contact[.]" ORS 166.065(1). To do so, the state called the victim to the stand, where she testified that defendant "reached forward and slapped [my cellphone] out of my hand, and it flew across the parking lot." In a motion for judgment of acquittal, defendant argued that the state needed to prove that defendant actually touched a part of the victim's body and that it failed to do so. The trial court disagreed, concluding that a rational factfinder could conclude that defendant touched the victim's body.

On appeal, defendant takes a different tack. Citing *State v. Keller*, 40 Or App 143, 147, 594 P2d 1250 (1979) (en banc), defendant acknowledges that the state need not prove that flesh-to-flesh contact occurred. Instead, he argues that the state failed to present evidence sufficient to establish that a reasonable person in the victim's circumstances would have found the contact at issue "offensive." The state responds that defendant did not preserve that argument.

We agree with the state. "As a rule, an objection as to the legal insufficiency of evidence to prove a claim on one theory does not have the effect of preserving all other possible theories of insufficiency; rather, parties must explain to the court and opposing party a specific reason for the asserted legal insufficiency." *State v. K. J. B.*, 362 Or 777, 791, 416 P3d 291 (2018). Here, defendant's argument on appeal is materially different from the one made at trial, and he does not ask us for plain-error review under ORAP 5.45(1). *See State v. Ardizzone*, 270 Or App 666, 673, 349 P3d 597, *rev den*, 358 Or 145 (2015) ("[W]e ordinarily will not

proceed to the question of plain error unless an appellant has explicitly asked us to do so[.]").

Affirmed.