No. 878          December 4, 2024          611

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of N. M.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

K. M. S.,
*Appellant.*

Deschutes County Circuit Court
22JU03329; A184065 (Control), A184174

In the Matter of A. M.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

K. M. S.,
*Appellant.*

Deschutes County Circuit Court
22JU03330; A184066, A184175

Walter Randolph Miller, Jr., Judge.

Submitted October 18, 2024.

G. Aron Perez-Selsky filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patricia G. Rincon, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

In this juvenile dependency appeal, mother appeals from a judgment changing the permanency plan for her children, N and A, from reunification to adoption.[1] In two assignments of error, one relating to each child, she asserts that the juvenile court erred in determining that the Department of Human Services (DHS) made reasonable efforts to reunify her with the children. We conclude that mother's argument is not preserved and we decline to exercise plain error review.

The juvenile court initially took jurisdiction over N and A in July 2023, based on jurisdictional bases relating to the parents' substance abuse and unlawful activities interfering with their ability to safely parent the children. In March 2024, the court held a hearing on DHS's motion to change the permanency plan from reunification to adoption. Mother did not appear personally at the permanency hearing but appeared through counsel. Her counsel asserted that DHS's efforts were not reasonable, and that mother needed more intensive and in-depth assessments and services to prevent a substance abuse relapse. The court concluded that DHS had made reasonable efforts and that parents' progress had been insufficient, and ordered that the plan for both children be changed from reunification to adoption.

On appeal, mother argues that the juvenile court erred in its determination that DHS made reasonable efforts towards reunification because DHS failed to refer mother for a psychological evaluation, failed to refer the parents to housing support when they were facing eviction, and failed to provide an acknowledgement of visitation rules form for mother's signature, thereby failing to set up visits for mother with the children. Mother asserts that this issue is preserved because her counsel objected to the change in plan and argued that DHS had not made reasonable efforts.

"No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court * * *." ORAP 5.45(1) "The general requirement that an issue, to be raised and considered on appeal, ordinarily

---

[1] Father is not a party to this appeal.

must first be presented to the trial court is well-settled in our jurisprudence." *Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008). The policies underlying the preservation requirement include providing "a trial court the chance to consider and rule on a contention," ensuring fairness to an opposing party, and fostering "full development of the record, which aids the trial court in making a decision and the appellate court in reviewing it." *Id.* at 219-20.

We conclude that mother's argument is unpreserved. Below, her counsel made general assertions that perhaps some more in-depth assessments or more intense services could have prevented mother's relapse with substance abuse, and when mother made contact with DHS, more direct efforts could have been made to ensure she connected with substance abuse treatment, rather than just a referral. Counsel made no mention of the need for a psychological evaluation, housing services, or the failure to provide the visitation rules form in contending that DHS failed to make reasonable efforts to reunify mother with the children. Because none of the points raised on appeal were asserted below in counsel's argument that DHS's efforts were not reasonable, mother's argument is not preserved. *See, e.g.*, *Dept. of Human Services v. T. L.*, 262 Or App 623, 626-27, 326 P3d 1219, *rev den*, 355 Or 879 (2014) (concluding that the father's argument on appeal that the children had not been endangered by certain actions was not preserved through his assertion below that he had not knowingly participated in those actions). Of course, DHS had the burden to prove reasonable efforts in this case and to put on evidence to demonstrate those efforts. *Dept. of Human Services v. K. G. T.*, 306 Or App 368, 370, 374, 473 P3d 131 (2020). But DHS did not have an opportunity to respond to the issues that mother raises for the first time on appeal, and the trial court did not have an opportunity to consider those arguments. *T. L.*, 262 Or App at 626 (noting that the lack of preservation deprived DHS of the opportunity to respond to the argument below and that the trial court did not have an opportunity to address it).

Review of unpreserved claims of error is limited to discretionary plain-error review. ORAP 5.45(1); *State v.*

*Vanornum*, 354 Or 614, 630, 317 P3d 889 (2013). Mother has not requested or addressed the requirements for plain-error review, and has not responded to the state's assertion that her argument is unpreserved. We therefore decline to engage in plain error review. *See State v. Ardizzone*, 270 Or App 666, 673, 349 P3d 597, *rev den*, 358 Or 145 (2015) ("[W]e ordinarily will not proceed to the question of plain error unless an appellant has explicitly asked us to do so because it is incumbent upon the appellant to explain to us why an error satisfies the requisites of plain error and, further, why we should exercise our discretion to correct that error." (Internal quotation marks omitted)).

Affirmed.