488 April 2, 2025 No. 297

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRIDGETTE KAY GREENFIELD,
*Defendant-Appellant.*

Multnomah County Circuit Court
23CR05828; A182177

Steffan Alexander, Judge.

Submitted February 25, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Carla E. Edmondson, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kyleigh Gray, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant appeals a judgment of conviction for fourth-degree assault, ORS 163.160, and harassment, ORS 166.065. In a sole assignment of error, defendant challenges the trial court's admission of evidence—a statement that she made—over her OEC 403 objection. Reviewing the trial court's decision for abuse of discretion, *State v. Boauod*, 302 Or App 67, 72, 459 P3d 903 (2020), we affirm.

After leaving a club one night, defendant got into an altercation with a street musician, H. When a security guard, R, attempted to intervene and separate them, defendant told R, "You let a Black man assault me" about four or five times before she began to repeatedly punch R in the face until R nearly passed out.

Before trial, defendant moved *in limine* to exclude that statement under OEC 402 and 403.[1] Defendant argued that the statement was not relevant, because it was not related to her criminal charges, and whatever little probative value it had was outweighed by its prejudicial effect. The state responded that defendant's statement was relevant to show her state of mind and her reason for attacking R. It also argued that the statement was not unduly prejudicial. *Id.* The trial court denied defendant's motion, concluding that the statement was relevant to defendant's state of mind and that the relevance was not substantially outweighed by the danger of unfair prejudice. After a jury trial, defendant was convicted of harassment against H and fourth-degree assault against R.

On appeal, defendant focuses her arguments solely on OEC 403. Defendant contends that the trial court abused its discretion when it admitted the portion of defendant's statement that referred to H's race, because the probative value of the evidence was substantially outweighed by the danger of unfair prejudice. We disagree. Defendant's statement was highly probative, as it explained her state of mind and motive for attacking R. *See State v. Lipka*, 289 Or App

---

[1] OEC 402 provides that "[e]vidence which is not relevant is not admissible." OEC 403 provides that some relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice," among other reasons.

829, 833, 413 P3d 993, *rev den*, 362 Or 860 (2018) (evidence of defendant using inflammatory racial slurs against police officer probative to show state of mind and motive to resist arrest). Without her statement to R, the jury would be left to wonder why defendant began angrily punching R when he was not involved in her initial altercation with H. And given the highly probative value of the evidence, we cannot say that the trial court abused its discretion in admitting it, notwithstanding the prejudicial effect it may have had on defendant. *Cf. State v. Roberts*, 291 Or App 124, 136, 418 P3d 41 (2018) (evidence of defendant's use of racial epithet that was "utterly devoid of any probative value" excluded under OEC 403); *see also State v. Le*, 327 Or App 129, 136, 534 P3d 1097, *rev den*, 371 Or 715 (2023) (when a trial court's decision "falls within the range of legally permissible choices" and produces a permissible, legally correct outcome, then the trial court did not abuse its discretion).[2]

Affirmed.

---

[2] Defendant argues, for the first time on appeal, that the trial court could have admitted a redacted version of the statement that omitted the reference to H's race. That argument is unpreserved and, as defendant did not request plain error review, we decline to address it further. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court[.]"); *State v. Ardizzone*, 270 Or App 666, 673, 349 P3d 597, *rev den*, 358 Or 145 (2015) (declining to undertake plain error analysis where defendant did not request it).