6 April 23, 2025 No. 352

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of M. A. B.,
a Person Alleged to have Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

M. A. B.,
*Appellant.*

Marion County Circuit Court
21CC00248; A184814

Matthew L. Tracey, Judge pro tempore.

Argued and submitted March 21, 2025.

Christopher J. O'Connor argued the cause for appellant. Also on the brief was Multnomah Defenders, Inc.

Leigh A. Salmon, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Jacquot, Judge, and Kistler, Senior Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Appellant appeals an order continuing his commitment to the Oregon Health Authority for mental illness for an additional period of up to 180 days. In his sole assignment of error, he argues that "the court erred in its finding that there was clear and convincing evidence in the record that appellant was still a person with a mental illness at the time of his recommitment hearing." We affirm.

Appellant has not requested *de novo* review, nor is this an exceptional case warranting such review. *See* ORS 19.415(3)(b) (allowing discretionary *de novo* review in equitable proceedings); ORAP 5.40(8)(c) (we exercise such discretion "only in exceptional cases"). We are therefore "bound by the trial court's findings of historical fact that are supported by any evidence in the record," and we "review the court's dispositional conclusions, predicated on those findings, for errors of law." *State v. B. B.*, 240 Or App 75, 77, 245 P3d 697 (2010).

During the continued commitment hearing in this case, only one witness provided testimony. Appellant argues that the trial court erred because, in his view, apart from that witness's opinion about appellant's dangerousness, all the other testimony that the witness provided was "offered not for the truth or substance of the actual situation, but rather limited to support [the witness's] opinion" as to appellant's dangerousness. That is, as appellant sees it, the witness's testimony was not "substantive evidence," was "mostly hearsay," and was "not actually evidence that the court *** could rely on to determine that the appellant was still 'mentally ill' to a clear and convincing standard." In advancing that argument, appellant points to a statement by the state before the witness testified that "when we're soliciting testimony from [the witness], we intend to offer it as the basis for foundation for his ultimate opinions in the case."

Further, appellant contends that he preserved this issue for appeal when he argued during his closing argument:

"Our position is that the State has failed to carry its burden to show by clear and convincing evidence that due to a mental disorder, [appellant] is dangerous to himself or to

other people. And we would ask that you hold the State to that burden."

The state responds that the issue is not preserved, noting certain procedural facts from the trial court proceeding—*i.e.*, that the trial court requested the witness distinguish between hearsay and nonhearsay during the witness's testimony; that, prior to the witness testifying, "the trial court effectively instructed appellant to object to any testimony he deemed problematic[,]" but appellant never objected to any hearsay testimony; and that the trial court relied on the witness's testimony as substantive evidence in making its ruling, and appellant did not raise any objection to the trial court doing so.

We agree with the state that the issue appellant raises on appeal was not preserved. Appellant's sole argument in the trial court was that "the State has failed to carry its burden to show by clear and convincing evidence that due to a mental disorder, [appellant] is dangerous to himself or to other people." That would not have alerted the trial court or the state to the position he now takes on appeal—*i.e.*, that the witness's testimony was "not actually evidence that the court *** could rely on to determine that the appellant was still 'mentally ill' to a clear and convincing standard," because it had not been offered "for the truth of the matter asserted." *See State v. Walker*, 350 Or 540, 552, 258 P3d 1228 (2011) (explaining that one of the purposes of the preservation requirement is to ensure that the opposing party and the trial court were given "enough information to be able to understand the contention and to fairly respond to it"); *State v. Montgomery*, 256 Or App 222, 228, 300 P3d 221, *rev den*, 354 Or 148 (2013) (concluding that defendant's argument was not preserved where his argument on appeal was "qualitatively different than the contentions that [the] defendant [had] advanced below"). Further, appellant did not request plain error review, and we therefore do not proceed to the question of plain error. *See State v. Ardizzone*, 270 Or App 666, 673, 349 P3d 597, *rev den*, 358 Or 145 (2015) (explaining that "we ordinarily will not proceed to

the question of plain error unless an appellant has explicitly asked us to do so").[1]

As a separate matter, appellant also argues, regarding danger to self, that even if the witness's testimony is taken as "direct evidence unlimited by the state's limitation on the nature of the testimony"—*i.e.*, even if the testimony was offered for the truth of the matter asserted—the witness's "express opinion about any danger to the appellant" was insufficient to support the trial court's ruling because it amounted to an "abstract theorized threat of a response by others" to appellant's future conduct. Further, appellant contends that "there was no actual evidence" of danger to others.

Having reviewed the record in light of our standard of review, including evidence of the "frequency and severity of [appellant's] behavioral dysregulation," we conclude that the trial court did not err. *See State v. D. L. W.*, 244 Or App 401, 405, 260 P3d 691 (2011) ("[I]f a mentally ill person has threatened others and has also carried out an overt violent act in the past against another person, those facts generally constitute clear and convincing evidence that the person is a danger to others."); *State v. D. R.*, 183 Or App 520, 524, 52 P3d 1123 (2002) ("We have held that a person can be deemed dangerous to self if he or she has established a pattern in the past of taking certain actions that lead to self-destructive conduct, and then he or she begins to follow the pattern again.").

We make one observation in closing. We note that, in his briefing, appellant contends that, in Marion County and "in these types of hearings[,]" the state "typically preacknowledges the likely objection to hearsay when an expert witness intends to simply report what is found in medical or

---

[1] In reaching that conclusion concerning preservation in this case, we note that it is not apparent to us from the record that appellant is correct that the evidence that was offered by the state and received by the trial court was offered and received solely as "foundation for [the witness's] ultimate opinions in the case and not as substantive evidence," as appellant contends.

If that was appellant's understanding in the trial court, it was incumbent on him to say so in the trial court, particularly after the trial court expressly relied on that testimony in a manner that, in appellant's view of the trial court proceedings, was improper.

hospital [records,]" and hearsay statements described in the expert's testimony "are not offered for the truth of the matter asserted" but are "meant to show how the witness came to particular conclusions."

Considering that comment, as well as the record in the trial court and the issues before us, we emphasize that in cases such as this one, where a witness provides both an expert opinion premised on hearsay, as well as nonhearsay testimony based on their own observations, that procedure is potentially problematic, because as this case demonstrates, it can lead to confusion regarding the purpose for the state eliciting particular testimony and confusion regarding when an objection by counsel is necessary. If the state had more succinctly stated the purposes of the testimony from the witness that it planned to offer, or if the trial court had then clearly indicated what evidence was admissible and what was not admissible, and how it would address objections related to that evidence, we think that the issues created by this appeal could have been avoided.

Nevertheless, in light of the discussion related to preservation and the legal sufficiency of the evidence, we affirm.

Affirmed.