No. 191 March 11, 2026 695

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Guardianship of Abigail Grace Allison,
Protected Person.

Dawn ALLISON,
*Appellant,*

*v.*

Janet L. FIERAR,
as Guardian for Abigail Grace Allison; Abigail Grace
Allison, Protected Person; and Rex Allison,
*Respondents.*

Deschutes County Circuit Court
22PR02084; A186470

Alison M. Emerson, Judge.

Argued and submitted January 21, 2026.

Christopher L. Cauble argued the cause for appellant. Also on the briefs was Cauble, Furr & Beguin, LLP.

Jeffry S. Hinman argued the cause for respondent Abigail Grace Allison. Also on the briefs was Hinman Law, P. C.

No appearance for respondents Rex Allison and Janet L. Fierar.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Petitioner appeals a limited judgment awarding attorney fees and court-appointed fiduciary fees incurred in a proceeding to establish guardianship over petitioner's disabled adult daughter, A. On appeal, petitioner assigns error to the trial court's order that required petitioner and A's father to pay the portion of the attorney and fiduciary fees that remained after reimbursement from A's funds and benefits.

In the trial court, petitioner did not object to the joint petition for fees, which included a request that the fees not covered by A's funds and benefits be allocated to A's parents, at any time before the limited judgment was entered. As a result, petitioner's claim is unpreserved. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 380-81, 823 P2d 956 (1991); ORAP 5.45(1). When a claim is unpreserved, our review is for plain error. *State v. Vanornum,* 354 Or 614, 629, 317 P3d 889 (2013). Petitioner does not request plain error review, and we decline to exercise our discretion to engage in it without being requested to do so. *See State v. Ardizzone*, 270 Or App 666, 673, 349 P3d 597, *rev den*, 358 Or 145 (2015) ("[W]e ordinarily will not proceed to the question of plain error unless an appellant has explicitly asked us to do so because it is incumbent upon the appellant to explain to us why an error satisfies the requisites of plain error and, further, why we should exercise our discretion to correct that error." (Internal quotation marks omitted.)).

Affirmed.