330 June 3, 2026 No. 503

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of A. R. A.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

A. R. A.,
*Appellant.*

Marion County Circuit Court
25CC02220; A187500

Michelle Vlach-Ing, Judge.

Submitted May 13, 2026.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Sara Del Rubin, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Appellant appeals a judgment of civil commitment and related order prohibiting appellant from purchasing or possessing firearms. The trial court ordered that appellant be committed to the custody of the Oregon Health Authority for a period not to exceed 180 days, based on appellant being a "person with mental illness." ORS 426.130(1)(a)(C) (2023), *amended by* Or Laws 2025, ch 559, § 5.[1] Specifically, the trial court determined that appellant, because of a mental disorder, is dangerous to others. ORS 426.005(1)(f)(A) (2023), *amended by* Or Laws 2025, ch 559, § 4. We affirm.

To meet the legal standard for a danger to others commitment, the state must prove that the person has a mental disorder that makes the person "highly likely to engage in future violence toward others, absent commitment." *State v. S. E. R.*, 297 Or App 121, 122, 441 P3d 254 (2019). "A single violent act may be sufficient to establish that a person is dangerous to others, if the circumstances of the act, the person's history, or other contextual evidence allows the court to rely on the act to predict future dangerousness." *State v. J. G.*, 302 Or App 97, 100-01, 458 P3d 721 (2020). The state must establish that "actual future violence is highly likely," given "the serious deprivation of liberty and social stigma that are attendant to a civil commitment, and the fact that such a preventive confinement is predicated on a prediction of future behavior." *State v. S. R. J.*, 281 Or App 741, 749, 386 P3d 99 (2016) (internal quotation marks omitted).

The trial court determined the legal standard to be met here. It found that appellant, who has been diagnosed with "unspecified schizophrenia spectrum and other psychotic disorder" (as well as borderline personality disorder), is dangerous to others, particularly in that she engages in unprovoked aggression towards others, as a result of her mental disorder rather than any co-occurring intellectual disability. Appellant challenges that ruling, arguing that the

---

[1] The legislature recently made significant amendments to the civil commitment statutes, which became operative on January 1, 2026. Or Laws 2025, ch 559, § 66. Appellant was committed under the previous version of the statutes, so our analysis is based on the previous version of the statutes.

evidence was insufficient to prove a causal nexus between her mental disorder and her behavior and also insufficient to prove dangerousness.

In assessing the legal sufficiency of evidence, we view the evidence and all reasonable inferences therefrom in the light most favorable to the trial court's disposition to determine whether it was legally sufficient to support commitment. *State v. L. R.*, 283 Or App 618, 619, 391 P3d 880 (2017). The legal sufficiency of the evidence is a question of law. *State v. A. D. S.*, 258 Or App 44, 45, 308 P3d 365 (2013). "Ultimately, in view of the clear-and-convincing-evidence standard of proof that applies in civil commitment proceedings, the question for us as the reviewing court is whether a rational factfinder could have found that it was highly probable that appellant was a danger to * * * others because of a mental disorder." *State v. S. A. R.*, 308 Or App 365, 366, 479 P3d 618 (2021) (internal quotation marks omitted).

Here, having reviewed the record, we conclude that the evidence was legally sufficient for the trial court to find that appellant's mental disorder was the cause of her aggressive behaviors. As for whether the evidence was sufficient to prove dangerousness, we agree with the state that that issue was not preserved for appeal, such that our review is limited to plain error, which appellant has not requested. We could reject the argument on that basis alone, *State v. Ardizzone*, 270 Or App 666, 673, 349 P3d 597, *rev den*, 358 Or 145 (2015), but, in any event, we would reject it on the merits because the evidence was not plainly insufficient to prove dangerousness.

Accordingly, we affirm the judgment of civil commitment.

Affirmed.