34 December 26, 2024 No. 924

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of J. B.,
a Person Alleged to have Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

J. B.,
*Appellant.*

Lane County Circuit Court
21CC04662; A183465

Michelle P. Bassi, Judge.

Submitted November 8, 2024.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Julia Glick, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Lagesen, Chief Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Appellant appeals from a "Supplemental Judgment of Continued Commitment" continuing her "basic needs" commitment to the custody of the Mental Health Division of the Oregon Health Authority for a period up to 180 days, challenging the trial court's determination that she is "still a person with mental illness and is in need of further treatment." ORS 426.301(1)(a)(C); ORS 426.307(6); ORS 426.005(1)(f)(B) (describing basic needs commitment). Appellant does not request *de novo* review, nor is this an exceptional case warranting *de novo* review. *See* ORAP 5.40(8)(c). Accordingly, we review the trial court's decision to continue the civil commitment for legal error. *State v. S. T.*, 299 Or App 696, 697, 450 P3d 529 (2019). In doing so, we "view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition" to determine "whether, when so viewed, the record was legally sufficient to permit that outcome." *Id*.

For the reasons that follow, we affirm.

The trial court may continue the involuntary commitment of a person if it determines by clear and convincing evidence that "the person is still a person with mental illness and is in need of further treatment." ORS 426.307(6). As relevant here, a "person with mental illness" includes "a person who, because of a mental disorder," is "[u]nable to provide for basic personal needs that are necessary to avoid serious physical harm in the near future, and is not receiving such care as is necessary to avoid such harm." ORS 426.005(1)(f)(B). The state bears the burden of proving by "clear and convincing evidence" that a person is a person with a mental illness. ORS 426.130(1)(a).

Appellant suffers from a mental disorder, schizophrenia. She has been civilly committed based on basic needs since August 2021, with several continuations. After the most recent hearing, in January 2024, the trial court once again continued appellant's commitment, determining that appellant continues to be a mentally ill person in need of treatment.

On appeal, appellant points out that, despite remaining symptomatic, appellant was not malnourished or dehydrated and had no medical conditions that affected her health. Citing *State v. M. B.*, 300 Or App 522, 526, 452 P3d 1006 (2019) (explaining in an initial commitment proceeding that "serious physical harm" means a nonspeculative threat that the person will not "safely survive" without treatment, and "in the near future" means something less immediate than "imminent" but not so attenuated from present circumstances as to render it speculative. *Id*. (citing *State v. M. A. E.,* 299 Or App 231, 237, 448 P3d 656 (2019)), appellant contends that her physical condition and circumstances are not such that an inability to provide for her basic needs as a result of her mental disorder would cause her to suffer serious physical harm in the near term.[1]

We have reviewed the record and conclude that the evidence is sufficient. The trial court heard testimony that, despite being in treatment for almost two and a half years and taking several psychiatric medications, appellant continued to experience serious symptoms, including hallucinations, fixed delusions, and disorganization so severe that she would not be able to communicate her needs to people in the community and be understood. At the time of the hearing, appellant needed daily reminders and substantial assistance to carry out activities of daily living. She could not prepare her own food or remember whether she had eaten. She had difficulty with speech and making herself understood. And she suffered from "traumatic" hallucinations daily, including "hostile" interactions with unseen others that often led to appellant yelling and using profanity. In addition to her regular medications, staff had to administer additional as-needed medication to control appellant's symptoms when she was in "crisis mode." Witnesses opined that if appellant

---

[1] Appellant also cites *State v. D. M.*, 245 Or App 466, 472-73, 263 P3d 1086 (2011) (basic-needs initial commitment reversed where there was no evidence that the appellant had suffered, or was at risk of suffering, any life-threatening harm, despite being homeless or at risk of being homeless); and *State v. E. A. L.*, 179 Or App 553, 561, 41 P3d 440 (2002) (on *de novo* review, reversing a basic needs commitment where there was insufficient evidence that the appellant's failure to take medication would be in any way life-threatening, much less in the near future). Both cases were decided before the Legislative Assembly's 2015 amendments to ORS 426.005(1)(f)(B), which we held in *M. A. E.* altered the standard for determining a basic-needs commitment.  299 Or App at 237.

were released, she would cease taking her psychiatric medications, would decompensate and become more symptomatic within a week's time, and would be unable to obtain food. She does not have others in the community who would take care of her.

We conclude that the evidence is sufficient to support the trial court's determination that, if the commitment is not continued, appellant will be at risk of serious physical harm. ORS 426.005(1)(f)(B). As we held in *M. A. E.*, 299 Or App at 238, "the phrase 'serious physical harm,' in [the context of ORS 426.005(1)(f)(B)], means bodily harm that is serious enough that a person who suffers that harm is unsafe in the absence of commitment, treatment, or other amelioration of the physical condition." Even assuming, as appellant contends, that she has no health conditions that would, in and of themselves, place her safe survival at risk, appellant's inability to obtain or prepare food if she were released from the hospital, would risk her safe survival in the near future. *See id.* at 242 ("Although no witness testified as to the harm associated with an absence of food, the trial court could infer, as a matter of common knowledge, that a person who literally does not eat will soon be at risk of suffering serious physical harm—of a sort that compromises the person's ability to safely survive—in the near future."). We conclude that the evidence here was legally sufficient to permit the trial court to find that, without continued treatment, there was a nonspeculative risk that appellant would suffer "serious physical harm in the near future," within the meaning of ORS 426.005(1)(f)(B). We therefore affirm the order of commitment.

Affirmed.