No. 438      May 14, 2025      563

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of T. V.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

T. V.,
*Appellant.*

Marion County Circuit Court
23CC06598; A184404

Matthew L. Tracey, Judge pro tempore.

Argued and submitted April 15, 2025.

Christopher J. O'Connor argued the cause for appellant. Also on the brief was Multnomah Defenders, Inc.

Joanna L. Jenkins, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Appellant challenges an order continuing her involuntary commitment to the Oregon Health Authority for up to 180 days. Appellant assigns error to the trial court's determination that, at the time of the recommitment hearing, she was a person with a mental illness that made her unable to provide for her own basic needs. ORS 426.005(1)(f)(B); ORS 426.130(1)(a)(C); ORS 426.301(1). For the reasons discussed below, we affirm.

Unless reviewing *de novo* (which no party has requested), "[w]e review a trial court's decision to continue the civil commitment for legal error." *State v. J. B.*, 337 Or App 34, 35, 562 P3d 3326 (2024) (internal quotation marks omitted). "In doing so, we view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." *Id.* (internal quotation marks omitted).

The trial court may continue "basic needs" commitment if it determines by clear and convincing evidence that the person's mental disorder makes them "[u]nable to provide for basic personal needs that are necessary to avoid serious physical harm in the near future[.]" ORS 426.005(1)(f)(B); ORS 426.130(1)(a)(C); ORS 426.307(6). "'[S]erious physical harm' means a nonspeculative threat that the person will not safely survive without treatment, and 'in the near future' means something less immediate than 'imminent' but not so attenuated from present circumstances as to render it speculative." *State v. M. B.*, 300 Or App 522, 526, 452 P3d 1006 (2019).

Appellant does not dispute that she has schizophrenia, a mental disorder for purposes of ORS 426.005(1)(f). She does dispute that her schizophrenia makes her unable to provide for her basic personal needs in a way that leaves her at nonspeculative risk of "serious physical harm" for purposes of ORS 426.005(1)(f)(B). *Id.*

The trial court's conclusion decision was supported by the record. The evidence in the record included testimony

that the appellant was still experiencing symptoms of catatonia, and without further treatment, her catatonia would rapidly worsen, rendering her unable to obtain food, shelter, water, and essential medications. The evidence also demonstrated that because she was actively being treated with high doses of benzodiazepine, there was insufficient time before the end of her commitment period to complete the medication taper necessary to avoid severe withdrawal symptoms, which could result in seizures and death.[1] Appellant's treating provider testified that those withdrawal symptoms would begin the next day after she stops taking the medication. That evidence was legally sufficient to permit a rational factfinder to conclude that appellant would suffer the nonspeculative risk of serious harm in the near future. *See State v. M. A. E.*, 299 Or App 231, 241, 448 P3d 656 (2019) (evidence sufficient where treating provider testified that appellant "would decompensate 'within a matter of days to a week'" without state intervention); *State v. C. W.*, 333 Or App 400, 405-06, 553 P3d 577 (2024) (evidence sufficient where treating provider testified that appellant would end up in ER in "like a month or so" due to failure to take ulcerative colitis medication); *but cf. State v. C. M. C.*, 301 Or App 206, 213-14, 454 P3d 30 (2019) (evidence insufficient where physician testified that appellant's mental disorder interfered with his ability to treat his Hepatitis C which *could* become life-threatening if not treated); *State v. R. L. M.*, 309 Or App 545, 552-53, 482 P3d 201 (2021) (evidence insufficient where appellant would not take his Afib medication because testimony showed that it was too unpredictable when the next atrial fibrillation event would occur).

     Affirmed.

---

[1] Appellant argues that the Oregon Health Authority's failure to make adequate plans and preparations for her discharge violated her right to access appropriate health care under Article I, section 47(1), of the Oregon Constitution. That argument was not preserved. And because defendant does not request plain error review (and given the novel constitutional issues at play), we decline to address it in the first instance here. *See State v. Ardizzone*, 270 Or App 666, 673, 349 P3d 597, *rev den*, 358 Or 145 (2015) ("[W]e ordinarily will not proceed to the question of plain error unless an appellant has explicitly asked us to do so because it is incumbent upon the appellant to explain to us why an error satisfies the requisites of plain error and, further, why we should exercise our discretion to correct that error." (Internal quotation marks omitted.)).