120 March 19, 2025 No. 237

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JARRETT WALTER HLEBECHUK,
*Defendant-Appellant.*

Lane County Circuit Court
20CR37566; A179481

Debra E. Velure, Judge.

Argued and submitted April 29, 2024.

Daniel C. Silberman, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Erica L. Herb, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, Pagán, Judge, and Mooney, Senior Judge.

MOONEY, S. J.

Affirmed.

**MOONEY, S. J.**

Defendant was pulled over for speeding, and in the course of the traffic stop, he was arrested for driving under the influence of controlled substances. Defendant appeals the resulting judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010, raising eight assignments of error. We affirm.

*Motion to Suppress.* In his first assignment, defendant argues that the trial court erred when it denied his motion to suppress. Specifically, defendant contends that the deputy, who initially stopped defendant for speeding, unlawfully expanded the traffic stop into a criminal DUII investigation without reasonable suspicion. Reasonable suspicion exists when a deputy "can point to specific and articulable facts that give rise to a reasonable inference that the defendant committed or was about to commit a specific crime or type of crime." *State v. Maciel-Figueroa*, 361 Or 163, 165, 389 P3d 1121 (2017). "That inference must be objectively reasonable in light of the totality of circumstances known to the officer." *State v. Wicks*, 332 Or App 67, 70, 549 P3d 49 (2024) (internal quotation marks omitted).

We review the trial court's denial of a motion to suppress for legal error, and in doing so, "we are bound by the trial court's findings of fact so long as there is constitutionally sufficient evidence in the record to support them." *State v. Vannoy*, 326 Or App 11, 13, 530 P3d 503 (2023). Here, the record supports the following findings of fact made by the trial court: (1) defendant was driving at an excessive speed; (2) when the deputy initiated the stop, instead of pulling off to the side of the road, defendant pulled into a parking lot; (3) defendant swung his door open as the deputy approached; (4) defendant had an unlit cigarette in his mouth; (5) defendant haphazardly sorted through his paperwork; and (6) defendant's speech was slurred and incoherent. We conclude that those specific and articulable facts were sufficient to support an objectively reasonable suspicion that defendant was committing DUII. *See State v. Nichols*, 269 Or App 429, 432-33, 345 P3d 468, *rev den*, 357 Or 551 (2015) (explaining that in determining whether an officer had reasonable suspicion, we do not "pick[] apart each of the identified facts"

to determine whether there is an "innocent explanation for them," and instead "our judicial review looks to the totality of the circumstances confronting a police officer" (internal quotation marks omitted)). The trial court did not err in denying defendant's motion to suppress.

*Evidence of Prior Methamphetamine Use.* In his second through fifth assignments, defendant argues that the trial court erred when it denied his motion to exclude evidence of prior methamphetamine use. At trial, both the deputy and the drug recognition expert (DRE) testified that during the DRE's evaluation, defendant stated that he had smoked about a tenth of a gram of methamphetamine two days prior. The state also introduced a urine toxicology report, which confirmed the presence of methamphetamine, marijuana, Klonopin, and Benadryl in defendant's urine. Defendant challenges the admission of that testimony and the portion of the report confirming the presence of methamphetamine in defendant's system, arguing that the evidence was irrelevant under OEC 401,[1] or alternatively, that it was substantially more prejudicial than probative under OEC 403.[2]

We review the trial court's determination that evidence is relevant under OEC 401 for legal error, and we review its determination that the evidence is not substantially more prejudicial than probative under OEC 403 for an abuse of discretion. *State v. Titus*, 328 Or 475, 481, 982 P2d 1133 (1999). Here, the evidence showed that defendant had recently used a controlled substance, which "is direct evidence from which a trier of fact can infer, along with other evidence of impairment, that a defendant's impairment was due to the influence of a controlled substance." *State v. Moody*, 201 Or App 58, 64, 116 P3d 935, *rev den*, 339 Or 609 (2005), *modified on recons*, 207 Or App 304, 140 P3d 1171, *rev den*, 342 Or 46 (2006). Thus, the evidence was "relevant

---

[1] OEC 401 provides, "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

[2] OEC 403 provides, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

because it [was] probative of an element of the offense, even though, it d[id] not, by itself, prove impairment." *Id.*

We also conclude that the trial court did not abuse its discretion in determining that the challenged evidence was admissible under OEC 403. The evidence of defendant's recent methamphetamine use was highly probative of the charged offense, and, as the trial court found, significant to the state's theory of impairment, specifically, that defendant was under the influence of a combination of intoxicants. *See State v. Fong*, 226 Or App 493, 498-99, 204 P3d 146, *rev den*, 347 Or 43 (2009) (explaining that "urine test results demonstrating the presence of controlled substances in [the defendant's] urine [is] highly probative" where the defendant is charged with "a controlled substance DUII"); *see also State v. Stubblefield*, 279 Or App 483, 491, 380 P3d 1126, *rev den*, 360 Or 697 (2016) (holding that the probative value of evidence of a prior robbery committed by the defendant was not outweighed by the danger of unfair prejudice because "[t]he evidence was highly probative on the issue of [the defendant's] identity, which was a significant issue in the case" and the evidence was "not likely to inflame the jury, given that [the] defendant was facing charges on three robberies"). Thus, the trial court did not err in admitting the disputed testimony and the toxicology report.

*Scientific Testimony.* In his sixth and seventh assignments, defendant argues that the trial court erred by allowing the deputy and DRE to testify that a certain number of "clues" on a field sobriety test (FST) indicates impairment. In his final assignment, defendant also argues that the trial court erred when it permitted the deputy to testify that the FSTs are "standardized" and "validated and used nationwide" to detect impairment. Defendant argues that the challenged testimony was scientific and that the state failed to lay the requisite foundation for its admission. We reject each of those assignments as unpreserved.

Before trial, defendant filed a motion *in limine*, in which he requested that the trial court (1) exclude the FST evidence, and specifically the horizontal gaze nystagmus (HGN) evidence, under *State v. O'Key*, 321 Or 285, 899 P2d 663 (1995), because those tests are validated to detect

blood-alcohol content, as opposed to controlled substances or impairment in general; (2) exclude the FST and HGN evidence as irrelevant under OEC 401 or unduly prejudicial under OEC 403; and (3) prohibit the deputy and DRE from testifying that defendant "passed" or "failed" the FSTs as required by *State v. Beltran-Chavez*, 286 Or App 590, 400 P3d 927 (2017). In its written response, the state argued that FSTs detect impairment and are admissible in a DUII case, regardless of the specific intoxicant. The state also represented that it did not intend "to offer testimony that defendant 'failed' [FSTs] pursuant to current case law" and requested that the trial court deny defendant's motion "[a] side from the small portion *** related to law enforcement officers saying the defendant 'passed' or 'failed' the [FSTs]." In a hearing on the motion, defendant renewed his argument that the FST evidence should be excluded on relevancy grounds but did not specifically request that the trial court prohibit testimony that defendant passed or failed the FSTs. The trial court ruled, "So as to the motions *in limine* on the FSTs and the HGN *** I'm going to deny those. Obviously [the state] still ha[s] to lay foundations and *** they're not just automatically admitted in any way."

First, defendant's motion did not sufficiently alert the trial court to his objection to the deputy's and DRE's testimony that they observed a certain number of "clues" while conducting the FSTs, indicating defendant was impaired. *See State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000) ("[A] party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately[.]"). Because the state represented in its written motion that it would not introduce any testimony that defendant passed or failed the FSTs, and the parties did not address the issue at the hearing, the trial court's ruling did not prevent defendant from later objecting to testimony that defendant had passed or failed the FSTs, nor did it prevent him from objecting to similar, but not identical, testimony. Indeed, during trial, defendant failed to object to the testimony he now challenges on appeal.

As to the deputy's testimony that FSTs are "standardized," we conclude that defendant's arguments below are qualitatively different than those he raises on appeal. *See State v. Gray*, 286 Or App 799, 806, 401 P3d 1241 (2017), *rev den*, 362 Or 482 (2018) ("[T]he presence of a common thread between an objection at trial and an argument on appeal does not satisfy the preservation requirement if the two arguments are qualitatively different." (Internal quotation marks omitted.)). Below, defendant raised relevancy objections to the admission of the FSTs to prove impairment by controlled substances, and the trial court's ruling admitting the evidence provided that the state was still required to lay the requisite foundation. At trial, defendant did not raise any foundation objection to the deputy's testimony that FSTs are "standardized" and used "nationwide." Accordingly, defendant failed to preserve his arguments for appeal. Defendant has not requested that we review for plain error, and accordingly, we decline to do so. *See State v. Ardizzone*, 270 Or App 666, 673, 349 P3d 597, *rev den*, 358 Or 145 (2015) ("[W]e ordinarily will not proceed to the question of plain error unless [the defendant] has explicitly asked us to do so[.]").

Affirmed.